UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

            Plaintiff,                    Civil Action No. 2:14-14348

      v.                               HON. GEORGE CARAM STEEH

TERRY TURNER, et. al.,

            Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff Van Jenkins' *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983 and the Americans With Disabilities Act.  Plaintiff is a state prisoner currently confined at the Cotton Correctional Facility in Jackson, Michigan.  For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff entered into a rental agreement with defendants Terry and Leonita L. Turner to rent a single room from them in Ypsilanti, Michigan.  Plaintiff claims that the Turners, along with their employee, Mark Davison, have wrongly retained plaintiff's personal property, in violation of the rental agreement and Michigan law.  Plaintiff further contends that the defendants' actions violate the Americans With Disabilities Act (ADA), since plaintiff suffers from spina bifoda and hypertension.  Plaintiff seeks the return of his property and monetary damages.

### IV.  Discussion

The complaint must be dismissed because the defendants are private persons. In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because

-2-

2:14-cv-14348-GCS-MJH   Doc # 8   Filed 11/24/14   Pg 3 of 5   Pg ID 89

the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations omitted).  Private landlords are not considered state actors and thus cannot be liable for damages under § 1983. See *Hill v. Langer*, 86 Fed. Appx. 163, 164-67 (6th Cir. 2004).  There is no allegation that the defendants were state actors or that they acted in concert with state officials.  Plaintiff thus cannot maintain a 1983 action against the defendants.

Plaintiff's related ADA claim also fails for the similar reasons.  Title III of the ADA provides in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

The ADA, however, only regulates non-residential facilities. See H.R. Resp. No. 101-485(II), 101st Cong., 2d Sess. 383 (1990), reprinted in USCC & AN 1990 at 267; see also 28 C.F.R. Pt. 36, App. B, § 36.104 FN2 (definitions).  Title III and the regulations promulgated to implement it define "place of public accommodation" as a "facility, operated by a private entity, whose operations affect commerce and fall within at least one" of twelve specified categories, which include:

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. § 12181(7); see also 28 C.F.R. § 36.104.

Federal courts have consistently held that residential condominiums and

-3-

apartments are not "public accommodations," within the meaning of the ADA. *Hibbert v. Bellmawr Park Mut. Housing Corp.,* 937 F. Supp. 2d 565, 573 (D.N.J. 2013)(residential complex that provided low-cost housing and communal needs to families did not constitute a "place of public accommodation" within meaning of ADA); *Lancaster v. Phillips Investments*, LLC, 482 F. Supp. 2d 1362, 1366 (M.D. Ala. 2007)(apartment building was not a public accommodation subject to Title III of ADA in suit by wheelchair-bound plaintiff for injury on ramp); *Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F.Supp. 1328, 1344 (N.D.Cal.1993)(apartments and condominiums do not constitute public accommodations within the meaning of the ADA); *See also Regents of the Mercerburg Coll. v. Republic Franklin Ins. Co.*, 458 F. 3d 159, 165, n. 8 (3rd Cir.2006)(agreeing that residential apartments and condominiums do not constitute public accommodations within the meaning of the ADA, but distinguishing the dormitory housing at issue).  Plaintiff's rental unit does not qualify as a public accommodation under Title III of the ADA, thus, he cannot maintain an action under this statute against the defendants.

The Court dismisses plaintiff's complaint because it fails to state a claim upon which relief can be granted.  Because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

**V.  CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Complaint is summarily **DISMISSED**

**FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,**

pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

Dated:  November 24, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 24, 2014, by electronic and/or ordinary mail and
also on Van Jenkins #172475, G. Robert Cotton Correctional
Facility, 3510 N. Elm Street, Jackson, MI  49201.

s/Barbara Radke
Deputy Clerk

---

-5-